UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

07 APR 16 PM 2:02
CLERK-ALBUQUERQUE

In re:
HOMELOAN.COM, INC.
Debtor.

No. 7-02-12928 MA

HOMELOAN.COM, INC.

Plaintiff,

v.

MC 07-28 JB

WILLIAM LOUGHBOROUGH
and PHILLIP R. DOEPFNER,

Defendants.

Adv. No. 02-1244 S

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER TRIAL ON THE MERITS**

This matter came before the Court for trial on the merits of Plaintiff's Amended and Restated Complaint to Avoid Preferential Transfer and for Damages for Breach of Fiduciary Duty. (Doc 26). The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. As discussed below, the Bankruptcy Court finds that this adversary proceeding is a mixture of core and non-core proceedings. Therefore, proposed findings of fact and conclusions of law are submitted to the United States District Court pursuant to Federal Bankruptcy Rule 9033[1]. This chapter 7 case was filed prior to the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-08, 119 Stat.

[1]Pursuant to Federal Bankruptcy Rule 9033(b), parties must serve and file written objections to these Proposed Findings of Fact and Conclusions of Law within 10 days after being served with this document.

23, and therefore the changes enacted by that legislation are not applicable to this case.

**PROCEDURAL POSTURE**

Plaintiff filed this adversary proceeding on September 18, 2002, consisting of 4 counts: 1) preferential transfer, 2) breach of fiduciary duty, 3) prima facie tort, and 4) malpractice (doc 1). Count 1 was directed solely at defendant Loughborough, former president of HomeLoan.com, based on his receipt of a garnishment within the preference period. Count 2 was directed at both defendants Loughborough and Doepfner, based on actions by Loughborough, and by Doepfner, former attorney for HomeLoan.com. Counts 3 and 4 were directed solely at defendant Doepfner for actions he allegedly took during and after his employment as Plaintiff's attorney. Doepfner filed his motion to dismiss or abstain (doc 5). The Bankruptcy Court issued a Memorandum Opinion containing proposed findings of fact and conclusions of law on that motion (doc 13), which were adopted by the Hon. Bruce D. Black, District Judge (doc 21). One finding was that count 1 was a "core" proceeding and that counts 2, 3 and 4 were "non-core related to" proceedings. The adoption of the Memorandum Opinion resulted in dismissal of counts 3 and 4; Doepfner's motion to abstain was also denied. Plaintiff then filed its Amended and Restated Complaint (doc 26) containing a new count 3 directed solely at Doepfner, "Damages for Breach of Contract." Doepfner

filed a motion to dismiss the new count 3 for failure to state a claim upon which relief could be granted (doc 27). The Bankruptcy Court issued Proposed Findings of Fact and Conclusions of Law and Memorandum Opinion on Defendant Doepfner's Motion to Dismiss (doc 42), which were adopted by the Hon. Judith C. Herrera, District Judge (doc 46). One finding was that the new count 3 was a "non-core related to" proceeding. Doepfner's motion to dismiss count 3 was denied.

Doepfner then filed a Motion for Summary Judgment (doc 63). After reviewing the briefs, the Bankruptcy Court denied[2] the Motion for Summary Judgment, finding that there were genuine issues of material fact (doc 79).

In the meantime, Plaintiff and defendant Loughborough entered a settlement agreement which resolved all issues between them. The settlement agreement was noticed to creditors and approved by the Bankruptcy Court. Therefore, the only remaining issues are Counts 2, breach of fiduciary duty, and 3, breach of contract, against Doepfner. These came on for trial on January 10 and 11, 2007. At the conclusion of Plaintiff's case, Doepfner moved to dismiss pursuant to Bankruptcy Rule 7052(c) (which

---

[2]Because denial of summary judgment is not a final order, the Bankruptcy Court did not need to submit proposed findings of fact and conclusions of law to the District Court for review. See, e.g., Castro v. Perez (In re Perez), 919 F.2d 107, 108 (9th Cir. 1990)(It is inappropriate to request district court review of non-final determinations.)

incorporates Fed.R.Civ.P. 52[3]). The Bankruptcy Court declined to rule until the close of evidence and took the matter under advisement. The Bankruptcy Court now recommends that the motion to dismiss be granted.

Before listing the Court's proposed facts, it would be useful to state the elements of Plaintiff's causes of action. Under Texas law,

> The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. See Punts v. Wilson, 137 S.W.3d 889, 891 (Tex. App.-Texarkana 2004, no pet.). A fiduciary relationship may be formal or informal. Fiduciary duties arise as a matter of law in certain formal relationships, including attorney-client and trustee relationships. Meyer v. Cathey, 167 S.W.3d 327, 331 (Tex. 2005).

And, in Texas, to establish a breach of contract claim, the plaintiff must prove: 1) a valid contract, 2) that plaintiff performed or tendered performance, 3) that defendant breached,

---

[3]Fed.R.Civ.P. 52(c) provides:
Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

and 4) that plaintiff was damaged.  Critchfield v. Smith, 151 S.W.3d 225, 233 (Tex. App. 2004).  Both the breach of fiduciary duty and breach of contract claim require proof of damages.

**PROPOSED FINDINGS OF FACT**

1.   Ronald C. Baca formed New Mexico Mortgage Corp., which became Loraca International, Inc., which acquired HomeLoan.com on or about October 30, 2000.  Baca was CEO and chairperson of Loraca as well as its majority shareholder.  After Loraca's acquisition of HomeLoan.com, Baca was also an officer of HomeLoan.com and was involved in its operations.  HomeLoan.com was in the business of making loans to businesses and consumers under the name HomeLoan.com and through a 1-800- phone service.  HomeLoan.com was based in Plano, Texas and had several offices throughout Texas.  At trial, Baca was Plaintiff's sole witness.

2.   Loughborough was the former owner and President of HomeLoan.com before it was acquired by Loraca.  Loughborough left his position with Loraca shortly after the acquisition.  Doepfner was one of several attorneys that performed work for HomeLoan before the acquisition and performed some work for the merged companies after the acquisition.

3.   Baca testified that Loraca was probably insolvent at the time of the acquisition of HomeLoan.com.  Baca resigned from Loraca sometime in 2001; the record does not indicate the exact date.

4. On December 19, 2001, Loughborough obtained a default judgment against Loraca International, Inc. & HomeLoan, Inc. in the District Court, 296th Judicial Court, Collin County, Texas ("State court case") in the amount of $318,934.05 based on an arbitration award (Plaintiff Exhibit 1).

5. On February 1, 2002, Loughborough, using Doepfner as his attorney, filed an Application for Writ of Garnishment after Judgment in the State court case based on the default judgment. (Plaintiff Exhibit 3). The Application was accompanied by the Affidavit of William Loughborough in Support of Writ of Garnishment after Judgment. (Plaintiff Exhibit 4). In his affidavit he stated that a check in the amount of $78,606.45 had been delivered to him as former officer of Landmark Mortgage, which was an entity that had merged into HomeLoan.com, Inc. He stated his intention to partially satisfy his judgment against HomeLoan and Loraca by executing on the money represented by the check. Nothing in the record indicates that the funds were actually delivered to Loughborough, but the Court assumes that if they were not this adversary proceeding would never have been filed.

6. Baca became aware that Loughborough had garnished money in late Spring, 2002. The Court sustained a foundation objection to Baca's testifying about any impact the garnishment may have had

on Plaintiff. Plaintiff offered no other testimony regarding damages.

**PROPOSED CONCLUSIONS OF LAW**

1. Plaintiff failed to meet its burden of proof to show that it was damaged by any actions of Doepfner.

2. Plaintiff was not in fact injured by the garnishment. The garnishment simply forced Plaintiff to pay a debt that was already found to be legally due. There are no allegations the garnishment was wrongful. Compare Newsom v. Starkey, 572 S.W.2d 29, 30 (Tex. App. 1978)("The rule is now established in Texas that if a garnishment was wrongfully issued and levied, a cause of action arises for actual damages.")(Citation omitted.)

3. Judgment should be entered against Plaintiff and for Defendant Doepfner.

Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

David T Thuma
Attorney for Defendant
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Yvette Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

William F Davis
Attorney for Plaintiff
PO Box 6
Albuquerque, NM 87103-0006